**PROFESSIONAL SERVICE
INDUSTRIES, INC.,
Plaintiff,**

v.

**W. David KIMBRELL and Janet
Kimbrell, Defendants.**

**No. 90–1326–B.**

United States District Court,
D. Kansas.

Sept. 22, 1992.

William A. Bonwell, Jr., Susan Ellis, Bonwell, Foster, Borniger & Ellis, William R. Smith, Hershberger, Patterson, Jones &

Roth, David E. Bengtson, Morrison & Hecker, Wichita, Kan., John J. Thomason, Thomason, Hendrix, Harvey, Johnson, Mitchell, Blanchard & Adams, Memphis, Tenn., for plaintiff.

Paul L. Thomas, Wichita, Kan., John J. Jurcyk, Jr., McAnany, Van Cleave & Phillips, P.A., Kansas City, Kan., John D. Petersen, Polsinelli, White, Vardeman & Shalton, Overland Park, Kan., Dennis J. Dobbels, David A. Welte, Polsinelli, White, Vardeman & Shalton, Kansas City, Mo., for defendants.

## MEMORANDUM AND ORDER

BELOT, District Judge.

This court issued an order on August 17, 1992, denying Kimbrells leave to amend their counterclaims to maintain an action for an accounting. The court found the Kimbrells had failed to allege either the existence of a fiduciary relationship or that a prior demand and refusal for an accounting had been made. The court granted the Kimbrells leave to supply the court with evidence of the existence of a fiduciary relationship and that a demand for an accounting was made and refused.

The Kimbrells have now filed their response to the court's order. (Doc. 376) The Kimbrells have not identified any contractual fiduciary relationship between themselves and PSI nor have they identified any specific demand for an accounting. Rather, they allege that PSI, by assuming control over funds due the Kimbrells under the Stock Purchase Agreement, has voluntarily undertaken a fiduciary obligation to the Kimbrells. For their part, the Kimbrells contend the fiduciary relationship is "involuntary".

 In our previous order, we noted that the fiduciary relationship alleged by the Kimbrells was of the type "implied in law due to the factual situation surrounding the involved transactions and the relationship of the parties to each other and to the questioned transactions." (Slip opinion at 8, 1992 WL 224146 at * 3, citing *Denison State Bank v. Madeira*, 230 Kan. 684, 691, 640 P.2d 1235 (1982)). Additionally, we ruled that conscious assumption of the al-

leged fiduciary duty is a mandatory element under Kansas law, and the Kimbrells had failed to allege such an assumption. (Slip opinion at 8, 1992 WL 224146 at * 3.)

█ The court has reviewed the response submitted by the Kimbrells and finds nothing that would indicate PSI knowingly assumed a fiduciary relationship to the Kimbrells. The relationship of the parties in this case was not such that PSI consciously assumed the duty to act primarily for the Kimbrells' benefit. The underlying securities transaction appears to have been an arms-length sale. The parties negotiated a provision calling for PSI to make a payment to the Kimbrells within 210 days of the execution of the Stock Purchase Agreement. Kimbrells contend PSI's failure to make this payment obligates it to account for these funds to the Kimbrells as a fiduciary. This lawsuit was filed in July, 1990, shortly before the second payment was due under the Stock Purchase Agreement. PSI's reasons for not making the payment are logical. PSI contends the Kimbrells committed fraud. These issues [1] remain to be adjudicated in this lawsuit. PSI's withholding of the payment due under the contract does not make it a fiduciary to the Kimbrells.

The problem with Kimbrells' theory is that it would transform virtually every breach of contract action into a breach of fiduciary duty. The Kansas Supreme Court has cautioned against converting ordinary business transactions into fiduciary relationships where none was intended or anticipated. *Id.* at 696, 640 P.2d 1235.

The court finds the Kimbrells have failed to produce evidence of the existence of a fiduciary relationship between themselves and PSI. The court therefore reaffirms its previous ruling denying Kimbrells leave to amend their counterclaims to state an action for an accounting.

IT IS SO ORDERED.

█

---

[1]. Whether Kimbrells committed fraud and whether PSI breached the Stock Purchase Agreement.